UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN W. WAITE, IV,

    Plaintiff,

    v.                                         CAUSE NO. 3:22-CV-1054-DRL-JPK

ENGLISH *et al.*,

    Defendants.

## OPINION AND ORDER

John W. Waite, IV, a prisoner without a lawyer, filed a complaint. ECF 1. As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Because Mr. Waite is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Waite alleges he was moved from a cell in the restricted housing unit at the Miami Correctional Facility to a different cell on October 17, 2022. After he was given a shower, he cleaned the new cell with the help of Ofc. Knauff. However, even though they

cleaned the walls, he could still see and smell human waste on them. Mr. Waite subsequently asked Lt. Myers "several times to let me clean the walls or move," but Lt. Myers told him it "was not his problem." ECF 1 at 3. Mr. Waite alleges this caused him "great mental and physical stress." *Id*. He has sued Warden English, Dpt. Warden Estes, Lt. Myers, Ofc. Knauff, Sgt. Robbins, Cpt. Rust, and Lt. Sowards for monetary damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In addition, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis*, 468 F.3d at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided

> not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted).

Here, Mr. Waite alleges the walls in his new cell had some amount of human waste on them, even after they were cleaned. As an initial matter, the only two defendants Mr. Waite mentions in the body of the complaint are Ofc. Knauff and Lt. Myers. He hasn't stated a claim against any of the others because he doesn't allege they participated in a constitutional violation or were even aware of the condition of his cell. *See e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.").

Regarding Ofc. Knauff, Mr. Waite admits Ofc. Knauff helped him clean the walls the day he moved to the new cell. Though Mr. Waite claims the cleaning effort was—at least in part—unsuccessful, he doesn't provide any details about the condition of the cell before the cleaning effort began, what specifically Ofc. Knauff did to attempt to remedy the situation, how much waste remained on the walls after the cleaning, or what he did afterwards. Without more, these sparse allegations fail to state a claim against Ofc. Knauff. *See e.g. Thomas v. Blackard,* 2 F.4th 716, 720–21 (7th Cir. 2021) (initial cell conditions consisting of "feces-covered walls, a lack of hot water, hundreds of dead flies in his bed, and a mattress covered in human waste" were objectively inhumane, but the Eighth Amendment was not violated because officials responded reasonably by taking steps to correct them).

As to Lt. Myers, Mr. Waite alleges he asked Lt. Myers if he could clean his current cell or be transferred to a new one, but Lt. Myers told him it wasn't his responsibility. It's unclear what Lt. Myers knew about the condition of Mr. Waite's cell, when Mr. Waite told him about it, or how long Mr. Waite remained in the cell with waste on the walls after he made the requests to Lt. Myers. To the extent Mr. Waite is alleging Lt. Myers violated the Constitution by failing to provide him with cleaning supplies, the sparse allegations are insufficient to state a claim because the law has recognized Eighth Amendment violations "where prisoners are deprived of cleaning supplies and running water only in extreme circumstances." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (collecting cases).

Simply put, the complaint lacks facts, dates, and specifics about the condition of the cell and the defendants' actions toward or knowledge about it. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a

4

few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Mr. Waite has not done so here.

This complaint does not state any claims for which relief can be granted. If Mr. Waite believes he can state a claim based on (and consistent with) the events described in this complaint, he can choose to file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the words "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS John W. Waite, IV, until **December 18, 2023**, to file an amended complaint as described above; and

(2) CAUTIONS John W. Waite, IV, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 16, 2023                         *s/ Damon R. Leichty*
                                          Judge, United States District Court